```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUZANN and HENRY ALDSWORTH,       :
                                  :CIVIL ACTION NO. 3:13-CV-2941
         Plaintiffs,              :
                                  :(JUDGE CONABOY)
         v.                       :
                                  :
STATE FARM FIRE AND CASUALTY      :
COMPANY,                          :
                                  :
         Defendant.               :
                                  :
```

## **MEMORANDUM**

Here we consider State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff's Complaint (Doc. 4). With this motion, Defendant requests that the Court strike Plaintiffs' demand for attorney's fees in Count I and dismiss Count II for bad faith. (*Id.* at 5.) We conclude the motion is properly granted in part and denied in part.

## **I. Background**

Plaintiffs insured their house in Barnesville, Pennsylvania, with Defendant. (Doc. 1-2 ¶¶ 1-3.) On September 5, 2012, the house suffered damage as a result of a wind and rain storm. (Doc. 1-2 ¶ 4.) Wind damaged the roof causing water infiltration into the interior of the home. (Doc. 1-2 ¶ 5.) Plaintiffs assert this is a covered loss under the terms of the policy as the policy specifically includes wind storm. (Doc. 1-2 ¶ 7.) Plaintiffs immediately reported the loss to Defendant, and Defendant sent an adjuster to inspect the loss. (Doc. 1-2 ¶¶ 8-9.) The adjuster

advised Plaintiffs to obtain an estimate.  (Doc. 1-2 ¶ 10.)

Plaintiffs had a local contractor put a tarp on the roof. (Doc. 1-2 ¶ 10.)  The tarp was ripped off due to Hurricane Sandy. (Doc. 1-2 ¶ 10.)

On October 10, 2012, an engineer retained by Defendant inspected Plaintiffs' house.  (Doc. 1-2 ¶ 11.)  The engineer concluded that the cause of the loss was a construction defect on the part of a roofing contractor who had performed work on Plaintiffs' roof in 2002.  (Doc. 1-2 ¶ 12.)

Plaintiffs had retained a public adjuster who inspected the property and prepared an estimate in the amount of $12,175.17. (Doc. 1-2 ¶ 14.)  The public adjuster amended the claim to being a claim for collapse based on Defendant's engineer's report.  (Doc. 1-2 ¶ 15.)  Defendant's engineer had concluded that it was snow loads that exceeded the load capacity of the roof that caused the collapse.  (Doc. 1-2 ¶ 17.)  The collapse caused by weight of ice, snow or sleet is a covered loss under the policy.  (Doc. 1-2 ¶ 16.)

On November 9, 2012, Defendant sent Plaintiffs correspondence denying the claim.  (Doc. 1-2 ¶ 13.)

Plaintiffs filed a two-count Complaint in the Court of Common Pleas of Schuylkill County containing a claim for Breach of Contract (Count I) and a claim for Breach of Duty of Good Faith and Fair Dealing in Violation of 42 Pa. C.S.A. § 8371 (Count II). (Doc. 1-2.)  Defendant removed the action to this Court on December

2

6, 2013. (Doc. 1.) On December 13, 2013, Defendant filed the motion to dismiss under consideration here (Doc. 4), and filed a supporting brief on December 23, 2013 (Doc. 6). Plaintiffs filed an opposition brief on December 31, 2013. (Doc. 7.) Defendant did not file a reply brief and the time for doing so has passed. Therefore, this matter is ripe for disposition.

## **II. Discussion**

### *A. Motion to Dismiss Standard*

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Courts are directed to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief." The "short and plain

3

statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007). *Twombly* confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (citations omitted).

In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

*McTernan,* 577 F.3d at 530. *Iqbal* explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*McTernan* discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S. Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Alleghany*], 515 F.3d [224,] 234-35 [(3d Cir.2008 )]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

5

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts.  As noted above, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B.  *Defendant's Motion*

With the pending motion, Defendant seeks to have Plaintiffs' claims for attorney's fees in Count I stricken and Count II for bad faith dismissed.  (*Id.* at 5.)  Plaintiff agrees that the request for attorney's fees should be stricken.  (Doc. 7 at 3.)  Therefore, we discuss only Plaintiff's bad faith claim.

An action for bad faith in Pennsylvania is governed by 42 Pa. C.S. § 8371 which provides:

> In an action arising under an insurance
> policy, if the court finds that the insurer
> has acted in bad faith toward the insured,
> the court may take all of the following
> actions:
>
> (1) Award interest on the amount of the claim
> from the date the claim was made by the
> insured in an amount equal to the prime rate

6

>    of interest plus 3%.
>
>    (2) Award punitive damages against the insurer.
>
>    (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371.

The statute does not define what constitutes bad faith but Pennsylvania courts, the Third Circuit Court of Appeals, and decisions from district courts within the Third Circuit provide ample guidance. "The term 'bad faith' under section 8371 concerns 'the duty of good faith and fair dealing in the parties' contract and the manner in which an insurer discharged . . . its obligation to pay of a loss in the first party claim context.'" *Berg v. Nationwide Mut. Ins. Co., Inc.*, 44 A.3d 1164, 1176 (Pa. Super.Ct.) (quoting *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 199 (Pa. 2007)) (alteration in original). The Court of Appeals for the Third Circuit set out the relevant framework for considering an insurance bad faith claim under Pennsylvania law in *Treadways LLC v. Travelers Indem. Co.*, 467 F. App'x 143 (3d Cir. 2012) (not precedential).

> "Bad faith" under Pennsylvania's bad faith statute––42 Pa. Const. Stat. § 8371, which provides a remedy in an action under an insurance policy––is defined as "any frivolous or unfounded refusal to pay proceeds of a policy." *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). A valid cause of action for bad faith requires "clear and convincing evidence . . . that

>the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Id.* Under the "clear and convincing" standard, "the plaintiff [must] show 'that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or nor the defendants acted in bad faith.'" *Id.* (quoting *Bostick v. ITT Hartford Grp., Inc.*, 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999)). Though we have found that bad faith may be found in circumstances other than an insurer's refusal to pay, "[a] reasonable basis is all that is required to defeat a claim of bad faith." *Id.* See also *Frog, Switch & Mfg. Co. V. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999).

*Treadways*, 467 F. App'x at 146-47.

The Pennsylvania Superior Court has observed that "[b]ad faith claims are fact specific and depend on the conduct of the insurer *vis a` vis* the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. 2006) (citing *Williams v. Nationwide Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)). *In O'Donnell ex. rel. Mitro v. Allstate Ins. Co.*, 734 A.2d 901 (Pa. Super. 1999), the Pennsylvania Superior Court discussed the expanding nature of the applicability of the bad faith statute and held that the conduct of an insurer during the pendency of litigation may be considered as evidence of bad faith. *O'Donnell*, 734 A.2d at 906-08. Bad faith is not restricted to an insurer's denial of benefits and includes a wide variety of objectionable conduct including lack of good faith investigation and failure to communicate with a client. *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 500-01 (Pa. Super. 2004)

(listing cases). A claim for bad faith may be based on an alleged violation of the Unfair Insurance Practices Act ("UIPA"), 40 P.S. § 1171.1 *et seq*. *Romano v. Nationwide*, 646 A.2d 1228, 1230 (Pa. Super. 1994). Negligence or bad judgment do not constitute bad faith. *Brown*, 860 A.2d at 501 (citing *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1036 (Pa. Super. 1999)). "To support a finding of bad faith, the insurer's conduct must be such as to 'import a dishonest purpose.' In other words, the plaintiff must show that the insurer breached its duty of good faith through some motive of self-interest or ill will." *Id.* (quoting *Adamski*, 738 A.2d at 1036).

Defendant argues that "Plaintiffs' overly broad, boilerplate, unsupported accusations that State Farm acted in a bad faith manner by failing to pay their homeowner's claim fail as a matter of law." (Doc. 6 at 6.) Defendant asserts there are no facts in the Complaint to suggest that it acted without a reasonable basis, or with the knowledge that it lacked a reasonable basis in handling Plaintiffs' claim. (Doc. 6 at 7.) Defendant takes issue with Plaintiffs' characterization of its engineer's report. (Doc. 6 at 8.) Asserting the cause of the loss is the central issue in the case, Defendant asserts that its reliance on the expert report indicates it had a reasonable basis to determine Plaintiffs' loss was not covered under the policy. (Doc. 6 at 8-9.)

Plaintiffs argue they have pled sufficient facts to support a

9

bad faith claim, including the assertion that the claim is covered under the terms of the policy. (Doc 7 at 6.) Thus, Plaintiffs maintain that when they allege that "Defendant failed to conduct a reasonable investigation based upon all the available information (See Plaintiff's Complaint @ Paragraph 31(c)) that allegation is supported by the facts and is sufficient to establish bad faith under Pennsylvania law." (Doc. 7 at 6.)

We agree with Defendant that the parties have a difference of opinion regarding coverage of the claim. (Doc. 6 at 9.) However, given Plaintiffs' averment that "[u]nder the terms of the policy, assuming *arguendo* that the engineer's conclusions are accurate, the loss remains covered" (Doc. 7 at 2), the reasonableness of Defendant's basis for denying coverage is an issue. In other words, if the engineer's conclusions do not eliminate coverage under the policy, Defendant's interpretation of those conclusions is at issue and, at this stage of the proceedings, it cannot avoid a bad faith claim based on its reliance on the engineer's report.

In light of Defendant's motion to dismiss burden and the facts and circumstances presented here, we conclude that dismissal of Plaintiffs' bad faith claim would be premature. While discovery may not provide Plaintiffs with the required clear and convincing evidence that Defendant "(1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim,"

10

*Terletsky*, 649 A.2d at 688, a determination on these matters is not properly made on the record before us.  Therefore, Defendant's motion to dismiss Plaintiffs' bad faith claim is properly denied.

### III. Conclusion

For the reasons discussed above, State Farm Fire and Casualty Company's Motion to Dismiss Plaintiff's Complaint (Doc. 4) is granted in part and denied in part.  The motion is granted insofar as Plaintiff's request for attorney's fees in Count I is stricken; the motion is denied insofar as Plaintiff's claim for bad faith in Count II goes forward.  An appropriate Order is filed simultaneously with this action.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: February 14, 2014