UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUZANN and HENRY ALDSWORTH, :
                                   :CIVIL ACTION NO. 3:13-CV-2941
        Plaintiffs,                :
                                   :(JUDGE CONABOY)
        v.                         :
                                   :
STATE FARM FIRE AND CASUALTY       :
COMPANY,                           :
                                   :
        Defendant.                 :
                                   :

_____

#### MEMORANDUM

Here we consider State Farm Fire and Casualty Company's Motion
for Sanctions for Failure to Comply with Court Orders (Doc. 34).
Defendant filed the motion and supporting brief (Doc. 35) on
February 15, 2015.  Plaintiffs have not filed an opposition brief
and the time for doing so has passed.  With this motion, Defendant
requests that the Court dismiss this action and grant Defendant
reasonable attorney fees associated with the filing of the motion
pursuant to Federal Rule of Civil Procedure 37.  (Doc. 34 at 4.)

### I. Background

The factual background of this case was set out in the Court's
February 14, 2014, Memorandum concerning State Farm Fire and
Casualty Company's Motion to Dismiss Plaintiff's Complaint.  (Doc.
11.)

> Plaintiffs insured their house in
> Barnesville, Pennsylvania, with Defendant.
> (Doc. 1-2 ¶¶ 1-3.)  On September 5, 2012, the
> house suffered damage as a result of a wind
> and rain storm.  (Doc. 1-2 ¶ 4.)  Wind
> damaged the roof causing water infiltration

into the interior of the home.  (Doc. 1-2 ¶ 5.)  Plaintiffs assert this is a covered loss under the terms of the policy as the policy specifically includes wind storm.  (Doc. 1-2 ¶ 7.)  Plaintiffs immediately reported the loss to Defendant, and Defendant sent an adjuster to inspect the loss.  (Doc. 1-2 ¶¶ 8-9.)  The adjuster advised Plaintiffs to obtain an estimate.  (Doc. 1-2 ¶ 10.)

Plaintiffs had a local contractor put a tarp on the roof.  (Doc. 1-2 ¶ 10.)  The tarp was ripped off due to Hurricane Sandy.  (Doc. 1-2 ¶ 10.)

On October 10, 2012, an engineer retained by Defendant inspected Plaintiffs' house.  (Doc. 1-2 ¶ 11.)  The engineer concluded that the cause of the loss was a construction defect on the part of a roofing contractor who had performed work on Plaintiffs' roof in 2002.  (Doc. 1-2 ¶ 12.)

Plaintiffs had retained a public adjuster who inspected the property and prepared an estimate in the amount of $12,175.17.  (Doc. 1-2 ¶ 14.)  The public adjuster amended the claim to being a claim for collapse based on Defendant's engineer's report.  (Doc. 1-2 ¶ 15.)  Defendant's engineer had concluded that it was snow loads that exceeded the load capacity of the roof that caused the collapse.  (Doc. 1-2 ¶ 17.)  The collapse caused by weight of ice, snow or sleet is a covered loss under the policy.  (Doc. 1-2 ¶ 16.)    On November 9, 2012, Defendant sent Plaintiffs correspondence denying the claim.  (Doc. 1-2 ¶ 13.)

Plaintiffs filed a two-count Complaint in the Court of Common Pleas of Schuylkill County containing a claim for Breach of Contract (Count I) and a claim for Breach of Duty of Good Faith and Fair Dealing in Violation of 42 Pa. C.S.A. § 8371 (Count II).  (Doc. 1-2.)  Defendant removed the action to this Court on December 6, 2013.  (Doc. 1.)

2

(Doc. 11 at 1-3.)  The Court granted the motion in part and denied it in part.  (Doc. 12 at 1.)  The motion was granted insofar as Plaintiff's request for attorney's fees in Count I was stricken; the motion was denied insofar as Plaintiff's claim for bad faith, Count II, went forward.  (*Id.*)

On June 24, 2014, Defendant filed Defendant State Farm Fire & Casualty Company's Motion to Compel Discovery Disclosures.  (Doc. 18.)  On August 4, 2014, the Court granted the motion after deeming the motion unopposed based on Plaintiffs' failure to timely file a brief in opposition to the motion pursuant to Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania.  (Doc. 22 at 1.)  With the Order Plaintiffs were directed to serve their Rule 26(a) initial disclosures within ten (10) days of the date of the Order and provide full and complete responses to Defendant's Request to Production of Documents and Interrogatories within ten (10) days of the date of the Order.  (*Id.*)

On September 30, 2014, Defendant filed Defendant State Farm Fire & Casualty Company's Motion for Sanctions for Failure to Comply with Court Discovery Order.  (Doc. 25.)  Plaintiffs again failed to file an opposition brief and, deeming the motion unopposed pursuant to Local Rule 7.6, the Court granted Defendant's motion by Order of October 20, 2014.  (Doc. 27 at 1.)  In the Order the Court stated that "[s]pecific sanctions to be imposed will be determined following Defendant's submission of reasonable expenses

and attorney's fees associated with Defendant State Farm Fire & Casualty Company's Motion to Compel Discovery Disclosures and Responses and Request for Sanctions (Doc. 18) and the current motion (Doc. 25)."  (Doc. 27 at 1.)  Following Defendant's submission of the required documentation (Doc. 30), the Court awarded Defendant sanctions in the amount of $806.00 (Doc. 32).

With the filing of the motion under consideration here, Defendant states the following: "To date, Plaintiffs have not paid State Farm the $806.00 in sanctions, have not served written responses to State Farm's request for production of documents and only sent 3 pages of documents, and have not served their Rule 26(a) disclosures."  (Doc. 35 at 3.)  As noted above, Plaintiffs have not filed an opposition brief and the time for doing so has passed.

## II. Discussion

Pursuant to Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, a party who fails to submit a brief opposing a motion is deemed not to oppose the motion. Because Plaintiffs did not file a brief in opposition to Defendant's motion pursuant to Local Rule 7.6, they are deemed not to oppose the pending motion.  However, we cannot decide Defendant's motion on the basis of this rule alone.  Even in cases where the plaintiff has not responded to a motion to dismiss, the Third Circuit Court of Appeals has instructed that a plaintiff's

4

claims should not be dismissed before the Court analyzes the relevant factors found in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).  *See*, *e.g.*, *Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011) (not precedential) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990)).

Here Defendant seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 37 which addresses a party's failure to make disclosures or cooperate in discovery and provides for the imposition of sanctions for such failures.  Defendants argue that Plaintiffs "have failed to comply with the Court's Orders and appear to have no interest in prosecuting this lawsuit." (Doc. 35 at 4.)  They point to three Court Orders Plaintiffs have ignored: the August 4, 2014, Order granting Defendant State Farm Fire & Casualty Company's Motion to Compel Discovery Disclosures (Doc. 22); the October 20, 2014, Order granting Defendant State Farm Fire & Casualty Company's Motion for Sanctions for Failure to Comply with Court Discovery Order (Doc. 27); and the November 24, 2014, Order sanctioning Plaintiffs to pay State Farm $806.00 in attorney fees (Doc. 32).  (Doc. 35 at 4.)  Defendant further asserts "[t]o date, Plaintiffs have not paid State Farm the $806.00 in sanctions, have not served written responses to State Farm's request for production of documents and have not served their Rule 26(a) disclosures."  (Doc. 35 at 4.)

Sanctions available for failure to comply with a Court Order

5

include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  The United States Court of Appeals for the Third Circuit has stated that "'dismissal with prejudice is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct.'" *Poulis*, 747 F.2d at 866 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)).  The factors to be considered before entering such a sanction are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

6

> scheduling orders and respond to discovery;
> (3) a history of dilatoriness; (4) whether
> the conduct of the party or the attorney was
> willful or in bad faith; (5) the
> effectiveness of sanctions other than
> dismissal, which entails an analysis of
> alternative sanctions; and (6) the
> meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

Though not every *Poulis* factor needs to be satisfied in order to dismiss an action, *see Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008), we will address each factor in turn.

**a.   Extent of the Party's Personal Responsibility**

Here there is no suggestion that Plaintiffs themselves are personally responsible for the failure to comply with Court Orders and cooperate in discovery.  However, this lack of evidence regarding Plaintiffs' personal responsibility does not necessarily weigh in their favor because their counsel has failed to respond to Defendant's motions to compel discovery and for sanctions so we have no information as to *why* the failure to cooperate in discovery occurred.  Given this dearth of information, we find this a situation where, even if Plaintiff's lack responsibility for their counsel's dilatory conduct, the factor should not weigh in their favor.  Rather, "because a client cannot always avoid the consequences of the acts or omissions of its counsel," *Poulis*, 747 F.2d at 868 (citing *Link v. Wabash Railroad*, 370 U.S. 626, 633 (1962)), this factor weighs in favor of Defendant.

**b.   Prejudice to Defendant**

Defendant argues it is prejudiced by "not ever having received

Plaintiffs' discovery responses." (Doc. 35 at 5.)  Defendant also asserts that Plaintiffs have repeatedly delayed the case and ignored Court Orders, offering no justification for doing so. (*Id.*)

"Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Briscoe*, 538 F.3d at 259 (quoting *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994)).  However, "prejudice is not limited to 'irremediable' or irreparable' harm." *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  Prejudice "also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Id.* (quoting *Ware*, 322 F.3d at 222).  *Briscoe* explains that this type of prejudice often involves disputes between the parties on discovery matters because a party was "deprived of necessary information or had to expend costs to obtain compliance." *Id.* (citing *Poulis*, 747 F.2d at 868).

Defendant's claimed prejudice falls within the parameters of this legal framework.  With no argument to counter Defendant's assertions of the effect of Plaintiffs' conduct, we must agree and find that this factor weights in favor of Defendant.

**c.   History of Dilatoriness**

On three occasions since July 2014, Plaintiffs have not

responded to Defendant's motions, the third of which is their
failure to respond to the motion under consideration here.
Plaintiffs have not complied with direct Court Orders relating to
discovery and sanctions.  They have not otherwise communicated with
the Court to explain their failure to cooperate.

Whether this behavior amounts to a "history of dilatoriness"
depends on wether Defendants' conduct can be characterized as an
"[e]xtensive or repeated delay or delinquency."  *Adams*, 29 F.3d at
874; *see also Ware*, 322 F.3d at 224.  *Adams* adds that "a party's
problematic acts must be evaluated in light of its behavior over
the life of the case."  *Id.* at 875.

The docket and procedural background set out above show that
Plaintiffs have caused repeated delay, have been routinely
delinquent in filing required briefs, and continue to be delinquent
in cooperating in discovery and obeying Court Orders.  Therefore,
this factor weighs in favor of Defendant.

d.    **Willful or Bad Faith Conduct**

With this factor, we must consider "whether the conduct was
'the type of willful or contumacious behavior which was
characterized as flagrant bad faith.' . . . Generally, 'willfulness
involves intentional or self-serving behavior.'"  *Briscoe*, 538 F.3d
at 262 (quoting *Adams*, 29 F.3d at 875).  Conduct which is "merely
negligent or inadvertent" is not considered contumacious conduct.
*Id.* (citing *Poulis*, 747 F.2d at 868-69).

We have no indication that Plaintiffs' conduct has been

9

anything but intentional and self-serving.  Thus, this factor
weighs in favor of Defendant.

**e.    Effectiveness of Other Sanctions**

As set out previously, Federal Rule of Civil Procedure
37(b)(2)(A) provides for numerous sanctions and Defendant requests
the sanction of dismissal.  Plaintiffs have not put forth any
reasons why the requested sanction should not be imposed or why an
alternative sanction would be effective.  Plaintiffs' wholesale
failure to respond to Defendant's motions (Docs. 18, 23, 34) and
follow Court Orders (Docs. 22, 32), and their delay of the case as
evidenced by Defendant's motions to compel discovery and for
sanctions as well as motions for extensions of time (Docs. 20, 29),
show an extreme disregard for these judicial proceedings.  Thus, in
the absence of any argument to the contrary and the apparent
ineffectiveness of previous sanctions imposed, we conclude this is
a case where the extreme sanction of dismissal is warranted.

**f.    Meritoriousness of the Claim or Defense**

"In considering whether a claim or defense appears to be
meritorious for this inquiry, we do not purport to use the summary
judgment standards.  A claim, or defense, will be deemed
meritorious when the allegations of the pleadings, if established
at trial, would support recovery by plaintiff or would constitute a
complete defense."  *Poulis*, 747 F.2d at 869-70 (citations omitted).
Where a claim has previously withstood a motion to dismiss, it has
been found meritorious.  *See Ware*, 322 F.3d at 225.

10

Here Defendant sought dismissal of Plaintiffs' bad faith claim and the Court determined that the claim should go forward. (Docs. 4, 11, 12.)  Defendant did not seek dismissal of Plaintiffs' breach of contract claim, and the Court has no reason to find that this claim is not meritorious.  Therefore, this factor weighs in favor of Plaintiffs.

**g.   Balancing *Poulis* Factors**

The analysis set out above shows that five of the six *Poulis* factors weigh in Defendant's favor.  Though the Court has no reason to conclude Plaintiffs' breach of contract and bad faith claims are not meritorious, Plaintiffs failure to participate in the prosecution of those claims since June 2014 warrants imposing the sanction of dismissal.

### III. Conclusion

For the reasons discussed above, we conclude that State Farm Fire and Casualty Company's Motion for Sanctions for Failure to Comply with Court Orders (Doc. 34) is properly granted.  Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), this action is dismissed.  An appropriate Order will be filed simultaneously with this action.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: March 3, 2015

11